**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RAYMOND ROMERO,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, *et al.,*<br><br>　　　　Defendant(s). | Case No. 2:10-cv-00537-RLH-RJJ<br><br>**O R D E R**<br>(Motion to Allow Longer Briefs–#30) |

　　　　Before the Court is Plaintiff's **Motion to Allow Longer Briefs Pursuant to LR 7-4** (#30, filed January 21, 2011). The motion will be denied, the documents stricken, and Plaintiff will be given an opportunity to file documents of the appropriate size.

　　　　On November 23, 2010, Plaintiff filed a Motion for Partial Summary Judgment which consisted of 19 pages of motion and 449 pages of exhibits. The next day, Defendants filed a motion for summary judgment which consisted of 27 pages of motion and 135 pages of exhibits. On December 16, 2010, Plaintiff filed his response to Defendants' motion which consisted of 49 pages. Attached were 501 pages of exhibits. Following true to form, after Defendants filed their 20-page opposition to Plaintiff's motion, Plaintiff filed a 26-six page reply.

　　　　Local Rule LR 7-4 requires that motions and oppositions thereto be limited to 30 pages, and replies be limited to 20 pages.

////

1

Now, a month after filing his 49-page opposition and 26-page reply, Plaintiff belatedly seeks an order allowing longer briefs, although the motion only addresses the errant opposition. Plaintiff suggests ignorance as to when a request to exceed the page limits must be filed, but acknowledges that it was only Defendants' reply that brought the issue to the fore. The Court finds the ignorance of the Local Rules very troubling. Seeking permission to violate the Rules a month after the fact is bad enough, but demonstrating either ignorance or a blatant disregard for them is very unprofessional.

Aside from the fact that the necessity of filing hundreds of pages of exhibits in support of a motion for summary judgment raises a presumption in this Court's view that there must be some significant facts at issue. The filing of excess pages infringes upon the Court's ability to timely manage its docket and impedes judicial efficiency, particularly when the Court is inundated with motions for summary judgment, and similar motions, in an already overloaded docket. "The order to General Eisenhower to invade the entire continent of Europe consisted of a single paragraph. It would be unusual if the grounds for [an opposition to a motion for summary judgment] could not be set out in 30 pages. *Gulf Petro Trading Co. v. Nigerian National Petroleum*, 223 F.R.D. 492, 493 (E.D. Tex. 2005).

IT IS THEREFORE ORDERED that Plaintiff's **Motion to Allow Longer Briefs Pursuant to LR 7-4** (#30) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Response to Motion for Summary Judgment (#27), and Reply (#28) in support of Plaintiff's Motion for Partial Summary Judgment, are both STRICKEN.

IT IS FURTHER ORDERED that Plaintiff has 14 days from the date of this Order to file, within the page limits set forth in Local Rule LR 7-4, his Response to Defendants' motion and his Reply in support of his motion.

/ / / /

/ / / /

IT IS FURTHER ORDERED that Defendants may elect to rely on their previous Opposition to Plaintiff's motion and Reply in support of their own motion, or may file amended opposition and reply.

IT IS FURTHER ORDERED that Defendants shall, within 14 days from the filing of Plaintiff's corrected response and reply, either file their amended reply and/or response, or notify the Court of their election to rely on the previously filed documents.

Dated: January 24, 2011.

_____
**Roger L. Hunt
Chief United States District Judge**