# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND ROMERO, | Case No.: 2:10-cv-00537-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Partial Summary Judgment–#23; Motion for Summary Judgment–#24) |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER RICARDO LARA, individually and in his official capacity; OFFICER JOEY HERNANDEZ, individually and in his official capacity; DOES III through X, DOES XI through XX, | |
| Defendants. | |

Before the Court is Plaintiff Raymond Romero's **Motion for Partial Summary Judgment** (#23, filed Nov. 23, 2010). The Court has also considered Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer Ricardo Lara, and Officer Joey Hernandez's Opposition (#26, filed Dec. 9, 2010). Romero did not file a Reply.

Also before the Court is Defendants' **Motion for Summary Judgment** (#24, filed Nov. 24, 2010). The Court has also considered Romero's Opposition (#32, filed Jan. 25, 2011), and Defendants' Reply (#29, filed Dec. 29, 2010).

1

**BACKGROUND**

This action arises from Romero's allegation that Defendants violated his constitutional rights by using excessive force against him. Unless otherwise noted, Romero alleges the following facts in support of his claims. On August 29, 2008, Romero was on vacation in Las Vegas with his fiancée. At approximately 3:30 a.m., Romero and his fiancée were walking on Las Vegas Boulevard when they encountered two individuals arguing. Romero approached the two individuals in an attempt to stop the argument. Defendants Lara and Hernandez, LVMPD officers, subsequently arrived on the scene. Romero alleges that Defendants picked him up from behind without warning and slammed him to the ground. Defendants, on the other hand, allege that they approached Romero and asked him to step aside, Romero resisted their request, and then Lara took him to the ground. In any event, Lara and Hernandez eventually detained and handcuffed Romero. Their conduct allegedly caused Romero various injuries, including a broken ankle.

On April 14, 2010, Romero sued Lara, Hernandez, and LVMPD asserting the following causes of action: (1) violation of civil rights, 42 U.S.C. § 1983; (2) violation of civil rights–municipal liability, 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; (4) assault and battery; (5) negligence; and (6) negligent supervision and training. Both parties have now filed motions for summary judgment. For the reasons discussed below, the Court grants Romero's motion in part and denies it in part, and the Court also grants Defendants' motion in part and denies it in part.

**DISCUSSION**

**I.   Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of

1   law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" only if there is a sufficient evidentiary basis
2   on which a reasonable fact finder could find for the nonmovant, and a dispute is "material" only if
3   it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*,
4   477 U.S. 242, 248–49 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587
5   (1986).  The movant has the burden of showing the absence of a genuine dispute, and the court
6   must view all facts and draw all inferences in the light most favorable to the nonmovant.  *Zoslaw*
7   *v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).
8              Once the movant satisfies the requirements of Rule 56, the burden shifts to the
9   nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,
10  477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party "may
11  not rely on denials in the pleadings but must produce specific evidence, through affidavits or
12  admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosp., Inc.*, 929 F.2d
13  1404 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt
14  as to the material facts."  *Matsushita*, 475 U.S. at 586.  "The mere existence of a scintilla of
15  evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.
16  **II.    Romero's Motion for Partial Summary Judgment**
17             Romero's motion requests summary judgment with respect to the following claims
18  and issues: (1) Defendants were the proximate cause of the injuries Romero sustained on August
19  29; (2) the treatment Romero received for those injuries was reasonable and necessary; (3)
20  Romero's future medical expenses are reasonable and necessary; (4) negligence; (5) Lara and
21  Hernandez are not immune under NRS 41.032; and (6) assault and battery.  The Court will address
22  each in turn.
23         **A.    Proximate Cause**
24             Romero requests summary judgment with respect to the proximate cause of his
25  August 29 injuries.  Romero claims that he did not contribute to his injuries, rather Defendants
26  caused those injuries independently.  However, the evidence provided by both parties demonstrates

AO 72
(Rev. 8/82)

a genuine dispute regarding the cause of Romero's injuries.  Romero's evidence indicates that he was tackled from behind without warning, but Defendants' evidence indicates that Romero was not tackled from behind.  Instead, Defendants' evidence suggests that Officer Lara ordered Romero to step away from the argument, and it was only after Romero resisted Lara's orders that Lara took him to the ground.  Therefore, viewing all facts and drawing all inferences in the light most favorable to the Defendants, the Court denies summary judgment as to proximate cause.

The Court notes, however, that both Romero and Defendants agree that Romero sustained a broken ankle during the August 29 incident.  Accordingly, to the extent Romero requests summary judgment of that fact—that Romero's ankle was broken during the August 29 incident—the Court grants his motion.  However, as discussed above, there is still a material factual dispute as to the cause of his broken ankle, and the nature and extent of his damages.

**B.     Medical Treatment**

Romero requests summary judgment regarding the reasonableness of both the past and future medical treatment for his August 29 injuries.  He essentially asks the Court to resolve the issue of damages should he prevail at trial.  However, given the factual dispute discussed above, the Court finds that the issue of damages is one better suited for a jury to resolve.  The Court therefore denies Romero's motion as to medical treatment.

**C.     Negligence**

Romero requests summary judgment for his negligence claim.  Once again, given the factual dispute above, the Court finds that summary judgment is improper as to Romero's negligence claim.  The evidence provided demonstrates two conflicting stories about the night of August 29.  Such conflicts are within the province of the jury to resolve, not the courts.  Accordingly, the Court denies Romero's motion as to his negligence claim.

**D.     Immunity**

Romero requests summary judgment regarding the application of NRS § 41.032, Nevada's governmental immunity statute.  Under § 41.032, governmental officers "are immune

1  from liability for actions stemming from the exercise of discretionary functions or the performance
2  of discretionary duties." *Martinez v. Maruszczak*, 168 P.3d 720, 723 (Nev. 2007). Romero argues
3  that § 41.032 does not apply to this case because Defendants' conduct was ministerial in nature,
4  not discretionary. However, Defendants have provided evidence suggesting that Lara and
5  Hernandez were exercising a discretionary function (*i.e.*, by attempting to apprehend Romero,
6  whom they thought was involved in the argument) when Romero was injured. Accordingly, the
7  Court finds that a material factual dispute exists as to the immunity issue.

        **E.    Assault and Battery**

9  Romero requests summary judgment for his assault and battery claims. Nevada
10 defines assault as "intentionally placing another person in reasonable apprehension of immediate
11 bodily harm." NRS § 200.471(1)(a)(2); *see Olivero v. Lowe*, 995 P.2d 1023 (Nev. 2000). Romero
12 admits that Officer Lara approached him from behind and allegedly tackled him without warning.
13 Therefore, Romero could not have had a reasonable apprehension of immediate bodily harm
14 because he didn't see Lara before Lara allegedly tackled him. Romero has thus failed to plead
15 sufficient facts to support a claim for assault and as such his claim fails as a matter of law.
16 Accordingly, the Court denies his motion as to the assault claim and enters summary judgment
17 against Romero's assault claim as a matter of law.

18 "A battery is any intentional, unlawful and harmful conduct by one person with the
19 person of another." *Ashcraft v. King*, 228 Cal. Rptr. 900, 903 (Cal. Ct. App. 1991). Romero
20 argues that because Defendants physically engaged Romero they are liable for battery. However,
21 Defendants have provided sufficient evidence to create a fact question about whether they were
22 authorized to physically engage Romero because Romero allegedly resisted their orders.
23 Therefore, viewing the facts in the light most favorable to Defendants, the Court denies Romero's
24 motion as to the battery claim.

25 ///
26 ///

AO 72
(Rev. 8/82)

### F. Summary

To summarize, the Court grants Romero's motion in part and denies it in part. The Court grants the motion to the extent Romero requests summary judgment of the fact that his ankle was broken during the August 29 incident. The Court denies the motion with respect to all other issues and claims raised in Romero's motion.

## III. Defendants' Motion for Summary Judgment

Defendants' motion requests summary judgment against each of Romero's claims. The Court will address each in turn.

### A. Section 1983–Fourth Amendment

The Fourth Amendment guarantees individuals the right to be free from the excessive use of force by law enforcement officers. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The inquiry in an excessive force case is whether the officer's conduct was objectively reasonable under the circumstances. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).

Defendants argue that even if the Court were to accept Romero's version of the facts as true—that he was tackled from behind without warning—their conduct was still objectively reasonable because the situation was extremely volatile with the potential for immediate violence. The Court disagrees. A reasonable jury could find that Defendants' conduct was not objectively reasonable because, for example, Defendants have not pointed to evidence showing that the fight had started, that there were weapons involved, or that any other factor existed that would require the use of immediate physical force. Accordingly, the Court denies Defendants' motion as to the Fourth Amendment claim.

### B. Section 1983–Equal Protection

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection Clause requires a plaintiff to show that he was treated differently than other similarly

///

situated persons. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Romero, a Hispanic male, claims that he was similarly situated with the two individuals involved in the argument he was trying to break up—both of whom were not Hispanic. He therefore claims that Defendants violated his Equal Protection rights because he was the only individual taken to the ground. Defendants argue that this claim fails becauseLara and Hernandez are also Hispanic. However, as stated above, the issue in an Equal Protection claim is not the race of the Defendants but that of the plaintiff and the other similarly situated persons. *Jennings*, 383 F.3d at 1213. Accordingly, viewing the facts in the light most favorable to Romero, the Court denies Defendants' motion as to the Equal Protection claim.

C.   **Section 1983–Due Process**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." A state actor may be held liable under the Due Process Clause where "the state action 'affirmatively places the plaintiff in a position of danger,' that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy v. Ridgefield City*, 439 F.3d 1055, 1062 (9th Cir. 2004).

Romero alleges that Defendants' conduct (*i.e.*, tackling him without warning) placed him in peril and was deliberately indifferent to his safety. Defendants argue that Romero has no evidence to support this claim. The Court agrees. Romero's evidence suggests that Defendants themselves were the peril (or danger) that harmed plaintiff, not that Defendants exposed Romero to some outside danger. *Kennedy*, 439 F.3d at 1064-65. Romero's claim is out of context. Therefore, the Court grants Defendants' motion as to this claim.

D.   **Section 1983–Municipal Liability**

A municipality may be liable under § 1983 where the violation of plaintiff's constitutional rights is a result of the enforcement of a municipal custom or policy. *Monell v.*

AO 72
(Rev. 8/82)

1  *Dept. of Social Services*, 436 U.S. 658, 694 (1978).  "Proof of a single incident of unconstitutional
2  activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes
3  proof that it was caused by an existing, unconstitutional municipal policy, which policy can be
4  attributed to a municipal policymaker."  *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

5  Romero asserts his municipal liability claim on the basis of two LVMPD policies:
6  (1) use of force policy, and (2) hiring, training, and supervising policy.  Defendants claim that
7  Romero has produced no evidence to show that LVMPD has a use of force policy that caused
8  Romero constitutional injuries.  The Court agrees.  Even assuming, as Romero alleges, that Lara
9  and Hernandez did violated Romero's constitutional rights, and that LVMPD ratified their
10 conduct, this is still insufficient to establish a custom or policy under *Monell*.  Romero has pointed
11 to no evidence of other instances where LVMPD has ratified unconstitutional behavior, and proof
12 of only one such alleged instance is insufficient to establish a custom or policy.  Therefore, the
13 Court grants Defendants' motion as to the § 1983 municipal liability claim.

14 Defendants also argue that Romero has no evidence to support his claim for
15 inadequate hiring, training, and supervising.  The Court agrees.  Romero has produced insufficient
16 evidence for his inadequate hiring, training, and supervising claims.  Therefore, the Court grants
17 Defendants' motion as to the inadequate training and supervising claims.

**E.      Intentional Infliction of Emotional Distress**

19 To establish a claim for intentional infliction of emotional distress, the plaintiff
20 must show: (1) the defendant's conduct was extreme or outrageous, (2) defendant's intended to
21 cause plaintiff emotional distress, and (3) plaintiff suffered severe emotional distress.  *Dillard*
22 *Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).  To establish severe emotional
23 distress, the plaintiff must demonstrate that the stress is so intense that no reasonable person could
24 be expected to endure it—general physical or emotional discomfort is insufficient.  *Watson v. Las*
25 *Vegas Valley Water Dist.*, 378 F.Supp.2d 1269, 1279 (D. Nev. 2005) (citing *Burns*, 175 F.Supp.2d
26 at 1268).

1  Defendants again argue that Romero has produced no evidence in support of this
2  claim. The Court agrees. Romero has pointed to no part of the record to demonstrate that he
3  suffered severe emotional distress. Romero's claim that he can't sleep well, or is depressed, is not
4  sufficient evidence to survive summary judgment. Accordingly, the Court grants Defendants
5  motion as to this claim.

### F. Romero's other State Law Claims

The Court has already granted summary judgment against Romero's assault claim. However, as to his battery and negligence claims, the Court finds that Romero has produced sufficient evidence to create a genuine dispute of material fact. A reasonable jury could find that Defendants used excessive force on Romero, a conclusion which could be sufficient grounds for both battery and negligence. Therefore, the Court denies Defendant's motion as to Romero's battery and negligence claims.

### G. Punitive Damages

First, Defendants argue that Romero cannot obtain punitive damages against LVMPD for either the state law claims or the § 1983 claims. In support of this argument, Defendants cite several cases, in addition to NRS 41.035, which states that an award of damages against a political subdivision "may not include any amount as exemplary or punitive damages." Therefore, the Court grants Defendants motion as to this issue. Romero cannot obtain punitive damages against LVMPD.

Defendants argue that punitive damages may not be awarded against Lara and Hernandez as well because there is no evidence that Lara and Hernandez exhibited "reckless or callous disregard of, or indifference to, the rights or safety of others," as is required. *See Smith v. Wade*, 461 U.S. 30 (1983). However, this argument fails for the same reasons most of Defendants' other arguments have failed, because Romero has presented evidence which could allow a jury to find that Lara and Hernandez violated Romero's constitutional rights. Thus, a jury could also

///

conclude that the officers acted recklessly. Accordingly, the Court denies Defendants' motion as to this issue.

### E. Immunity

Defendants argue that they are entitled to immunity on all of Romero's claims. However, a reasonable jury could find that Defendants engaged in unlawful conduct that is not entitled to immunity. Accordingly, the Court denies Defendants motion as to this issue.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Romero's Motion for Partial Summary Judgment (#23) is GRANTED in part and DENIED in part, as follows:

- •   GRANTED as to the fact that Romero's ankle was broken during the August 29 incident.
- •   DENIED as to all other issues and claims raised in Romero's motion.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (#24) is GRANTED in part and DENIED in part, as follows:

- •   GRANTED as to Romero's claims for: (1) violation of Section 1983 Due Process claim against Lara and Hernandez, (2) assault, (3) violation of Section 1983 Municipal Liability, (4) inadequate hiring, training, and supervising, (5) intentional infliction of emotional distress, and (6) punitive damages against LVMPD.
- •   DENIED as to all other issues and claims raised in Defendants' motion.

Dated: April 25, 2011

_____
ROGER L. HUNT
Chief United States District Judge

10